IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALBERT M. VIRSNIEKS,

                Petitioner,              ORDER

                                       08-cv-313-bbc

    v.

WISCONSIN DEPART. OF HEALTH
AND FAMILY SERVICES, SANDRIDGE
SECURE TREATMENT CENTER and
JOHN AND JANE DOE[S], Numbered
1 to 100, Employees of the State of
Wisconsin whose names are currently
unknown,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Albert Virsnieks, a patient at the Sandridge Secure Treatment Center in Mauston, Wisconsin, has filed a proposed complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. In addition, he has submitted a petition and affidavit to proceed without prepayment of fees and costs.

      In support of his request for indigent status, petitioner has submitted an affidavit of indigency, in which he states that 1) he is not employed or married and does not own a

1

home, vehicle or other property; 2) he has two dependent children with past due child support totaling $39,112.18; 3) he receives approximately $75 a month from the Sandridge Secure Treatment Center; 4) he is billed $294 per day for room and board; 5) he has monthly credit card payments of approximately $35 a month; and 6) he spends approximately $25 a month on hygiene and clothing. Petitioner has not attached to his affidavit a copy of his resident account statement for a six-month period.

     This court uses one method for determining the indigent status of all institutionalized persons, even those like petitioner who are not subject to the 1996 Prison Litigation Reform Act. See Longbehn v. United States, 169 F.3d 1082 (7th Cir. 1999). From a six-month resident account statement covering the full six-month period immediately preceding the filing of the petitioner's complaint, the court calculates two amounts, 20% of the petitioner's average monthly income and 20% of the petitioner's average monthly balance. Whichever amount is greater is the amount the petitioner will have to prepay toward the $350 filing fee. He will qualify for indigent status with respect to the remainder of the fee. (The in forma pauperis statute does not permit a court to waive entirely a petitioner's obligation to pay filing fees. All it does is allow a court to grant qualifying individuals leave to proceed without *prepaying* some or all of the filing fee.) Because petitioner has not provided a resident account statement in support of his request for leave to proceed in forma pauperis he will be required to do so if he intends to pursue his request.

2

Petitioner's complaint was submitted on May 27, 2008. His resident account statement should cover the period beginning approximately November 27, 2007 and ending approximately May 27, 2008. If, by June 24, 2008, petitioner fails to submit the required statement, I will assume he does not wish to proceed with this action and this case will be closed.

ORDER

IT IS ORDERED that a decision whether petitioner may proceed in forma pauperis is STAYED until June 24, 2008, by which date petitioner must submit a resident account statement for the period beginning approximately November 27, 2007 and ending approximately May 27, 2008. If, by June 24, 2008, petitioner fails to submit the required statement or show cause for his failure to do so, I will assume that he wishes to withdraw this action voluntarily and, in that case, the clerk of court is directed to close this file without

3

prejudice to petitioner's filing his case at a later date.

Entered this 3rd day of June, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

4