IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALBERT M. VIRSNIEKS,

                Petitioner,                      ORDER

                                                            08-cv-313-bbc

      v.

WISCONSIN DEPART. OF HEALTH
AND FAMILY SERVICES, SANDRIDGE
SECURE TREATMENT CENTER and
JOHN AND JANE DOE[S], Numbered
1 to 100, Employees of the State of
Wisconsin whose names are currently
unknown,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Albert Virsnieks is a patient at the Sand Ridge Secure Treatment Center. Since 2000 he has been trying to overturn a state court's decision to require him to register as a sex offender. Although he was convicted only of burglary, the sentencing judge took into consideration a charge for sexual assault that the state had dismissed when petitioner pleaded guilty to burglary. In requiring petitioner to register, the state court relied on Wis. Stat. § 973.048(1m), which authorizes such a requirement whenever "the court determines

1

that the underlying conduct was sexually motivated . . . and that it would be in the interest of public protection to have the person report."

Petitioner challenged the requirement indirectly in a postconviction motion in which he argued that his plea was not knowing and voluntary because he had been unaware that he could be required to register as a sex offender. The court rejected this argument and the Wisconsin Court of Appeals affirmed; the Wisconsin Supreme Court denied review. Petitioner then filed a petition for a writ of habeas corpus in state court, raising the same issue as well others challenging the validity of his plea. The trial court denied the petition and the court of appeals affirmed, concluding that all of petitioner's arguments were procedurally barred, with the exception of his claims for ineffective assistance of counsel, which the court of appeals concluded were without merit. Again, the Wisconsin Supreme Court denied review.

Finally, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the Eastern District of Wisconsin in which he raised the same claims that he did in state court. In addition, the district court considered a claim that the sentencing court violated petitioner's right to a jury trial under Apprendi v. New Jersey, 530 U.S. 466 (2000), when it found that petitioner had committed the burglary with the intent to commit a sexual assault. The district court denied the petition. The Court of Appeals for the Seventh Circuit affirmed the decision, but it did so on different grounds with respect to the Apprendi claim.

2

The court concluded that such a claim was not cognizable under 28 U.S.C. § 2254 because petitioner's challenge to his requirement to register as a sex offender was not a challenge to his "custody" within the meaning of the habeas corpus statute. Virsnieks v. Smith, 521 F.3d 707 (7th Cir. 2008).

Having exhausted his postconviction remedies, petitioner is now trying a different route, bringing this lawsuit under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. In a previous order, I concluded that petitioner was indigent and I directed him to make an initial partial payment, which the court has received.

In addressing any pro se litigant's complaint, the court must construe the complaint liberally. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief, the case must be dismissed promptly pursuant to 28 U.S.C. §1915(e)(2). Having reviewed petitioner's complaint, I conclude that the case must be dismissed for his failure to state a claim upon which relief may be granted.

Petitioner's complaint retreads the same ground as his previous challenges in state and federal court. Unfortunately for petitioner, this court can give him no more relief than those courts did. To the extent petitioner is challenging the validity of his plea (and thus, the validity of his conviction), his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In that case, the Supreme Court held that a prisoner seeking to overturn his

3

conviction cannot do so using 42 U.S.C. § 1983. Rather,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87. In other words, a litigant must invalidate his conviction using state remedies or a petition for a writ of habeas corpus. If he is unsuccessful in doing that, he may not bring a lawsuit under § 1983. Because petitioner concedes in his complaint that his conviction has not been invalidated, his challenge to his plea cannot proceed.

The rule in Heck would not necessarily apply to petitioner's claim that requiring him to register as a sex offender is inconsistent with Apprendi. In concurring opinions, some Justices have suggested that when habeas relief is unavailable, relief under § 1983 is not barred by Heck. Spencer v. Kemna, 523 U.S. 1, 21 (1998) (Ginsburg, J., concurring) ("Individuals without recourse to the habeas statute because they are not 'in custody' (people merely fined or whose sentences have been fully served, for example) fit within 1983's 'broad reach.'"); Heck, 512 U.S. at 500 (Souter, J., concurring) (suggesting that " individuals

. . . who were merely fined, for example, or who have completed short terms of imprisonment, probation, or parole, or who discover (through no fault of their own) a constitutional violation after full expiration of their sentences" should be permitted to bring damages actions under § 1983). Because the court of appeals held that petitioner's claim under Apprendi could not be brought under § 2254, Heck might not apply.

However, even if Heck does not apply, this does not get petitioner very far because that simply means I must apply ordinary principles of claim and issue preclusion. All of the claims petitioner raises in his complaint are claims that he raised or could have raised in his state criminal and postconviction proceedings. When a litigant loses a claim in one forum (or fails to raise a claim he could have raised), he is not entitled to continue litigating in different forums until he receives the result he wants. Allen v. McCurry, 449 U.S. 90 (1980) (claim and issue preclusion apply in § 1983 cases challenging matters decided in context of state criminal proceedings); Migra v. Warren City School District Board of Education, 465 U.S. 75 (1983) (in case brought under § 1983 in federal court, party may not bring claim that could have been raised in previous state court proceeding). Although I understand petitioner's frustration with what he perceives to be an unconstitutional requirement, I do not have the authority to undo the state court judgment.

ORDER

5

IT IS ORDERED that this case is DISMISSED for petitioner Albert Virsnieks's failure to state a claim upon which relief may be granted.

Entered this 3rd day of July, 2008.

BY THE COURT:

/s/ Barbara B. Crabb
BARBARA B. CRABB
District Judge